G34SWILP

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        16 CR. 170 (JGK)

5   DEREK WILLIAMS,

6                Defendant.

7   ------------------------------x

8                                        New York, N.Y.
                                         March 4, 2016
9                                        9:30 a.m.

10
    Before:
11
                    HON. PAUL A. ENGELMAYER,
12
                                         District Judge
13

14                         APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    ANDREW BEATY
17       Assistant United States Attorney

18  JOSHUA L. DRATEL, P.C.
         Attorneys for Defendant
19  BY:  LINDSAY LEWIS

20

21

22

23

24

25
```

G34SWILP

1

     (Case called)

     MR. BEATY:  Good morning, your Honor.  Andrew Beaty for the government.

     THE COURT:  Good morning, Mr. Beaty.

     MS. LEWIS:  Good morning, your Honor.  Lindsay Lewis on behalf of Joshua Dratel, standing in for Joshua Dratel, on behalf of Derek Williams.

     THE COURT:  Good morning, Ms. Lewis.  Good morning to you, Mr. Williams.

     THE DEFENDANT:  Good morning.

     THE COURT:  For the record, I am in turn standing as well.  I am standing in for Judge Koeltl, whose case this is. I am serving in this capacity solely for today only in my capacity as Part I judge.

     Notwithstanding that, I feel the obligation to make the following disclosure, which for the defense's benefit, Mr. Beaty was my law clerk several years ago.  Under the circumstances, I make that disclosure when he or other former clerks appear in front of me.  In general, it doesn't seem, to me, to be in any way disqualifying.  It is something that the defense ought to know.  It is particularly, to my mind, immaterial given that I am here solely for the purposes of today.  I wanted to put it on the record.

     Defense, no issues for you?

     MS. LEWIS:  No issues, your Honor.

G34SWILP

 1              THE COURT:  Very good.

 2              Ms. Lewis, I have been informed that your client

 3    wishes to plead guilty to Count One of a superseding

 4    information, which I believe has been stamped for the time

 5    being 15 Mag. 4269?

 6              MS. LEWIS:  Yes, that's correct, your Honor.

 7              THE COURT:  Mr. Williams, is it correct in fact that

 8    you intended to plead guilty to that charge?

 9              THE DEFENDANT:  Yes, your Honor.

10              THE COURT:  Before I accept your guilty plea, I am

11    going to ask you certain questions that I can establish to my

12    satisfaction that you wish to plead guilty because you are

13    guilty and not for some other reason.  If you don't understand

14    any of my questions or you would like a further opportunity to

15    consult with your attorney, will you please let me know?

16              THE DEFENDANT:  Yes, sir, your Honor.

17              THE COURT:  Are you able to speak and understand

18    English?

19              THE DEFENDANT:  Yes, sir.

20              THE COURT:  Can I ask you just to keep your voice up,

21    please?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  Thank you.

24              Mr. Smallman, would you kindly place the defendant

25    under oath.

G34SWILP

```
 1                (Defendant sworn)
 2                THE COURT:  Do you understand, Mr. Williams, that
 3     you're now under oath, and if you answer any of my questions
 4     falsely, your answers to my questions may be used against you
 5     in another prosecution for perjury?
 6                THE DEFENDANT:  Yes, sir.
 7                THE COURT:  What is your full name?
 8                THE DEFENDANT:  Derek Marcelle Williams II.
 9                THE COURT:  The second?
10                THE DEFENDANT:  Yes, sir.
11                THE COURT:  How old are you?
12                THE DEFENDANT:  34.
13                THE COURT:  How far did you go in school?
14                THE DEFENDANT:  To 11th grade.
15                THE COURT:  Where was that?
16                THE DEFENDANT:  August Martin High School.
17                THE COURT:  What was that?
18                THE DEFENDANT:  August Martin High School in Queens.
19                THE COURT:  In Queens.  Thank you.
20                Have you ever been treated or hospitalized for any
21     mental illness?
22                THE DEFENDANT:  No, sir.
23                THE COURT:  Are you now or have you recently been
24     under the care of a doctor or a psychiatrist?
25                THE DEFENDANT:  No, sir.
```

G34SWILP

1              THE COURT:  Have you ever been hospitalized or treated

2      for addiction to any drugs or to alcohol?

3              THE DEFENDANT:  No, sir.

4              THE COURT:  In the past 24 hours, have you taken any

5      drugs, medicine or pills, or drunk any alcoholic beverages?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  Is your mind clear today?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Do you understand what is happening in

10     this proceeding?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Do you either counsel have any doubt as to

13     the defendant's competence to plead at this time?

14             MR. BEATY:  No, your Honor.

15             MS. LEWIS:  No, your Honor.

16             THE COURT:  Based on the defendant's responses to my

17     question and his demeanor as he appears before me, and as

18     confirmed by counsel's independent assessments, I find that the

19     defendant is competent to enter a plea of guilty at this time.

20             Mr. Williams, have you had a sufficient opportunity to

21     discuss your case with your attorney?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Have you had a sufficient opportunity to

24     discuss the particular charge to which you intend to plead

25     guilty, any possible defenses to that charge, and the

G34SWILP

1    consequences of entering a plea of guilty?

2                THE DEFENDANT:  Yes, sir.

3                THE COURT:  Are you satisfied with your attorney's

4    representation of you, including your attorney's representation

5    in connection with reaching a plea agreement?

6                THE DEFENDANT:  Yes, sir.

7                THE COURT:  I am now going to explain certain

8    constitutional rights that you have.  You'll be giving up these

9    rights if you enter a plea of guilty.

10               Under the Constitution and laws of the United States,

11   you're entitled to a speedy and a public trial by a jury on the

12   charge contained in the information.  Do you understand that?

13               THE DEFENDANT:  Yes, sir.

14               THE COURT:  At that trial, you would be presumed to be

15   innocent and the government would be required to prove you

16   guilty by competent evidence and beyond a reasonable doubt

17   before you could be found guilty.  You would not have to prove

18   that you were innocent and a jury of 12 people would have to

19   agree unanimously that you were guilty.  Do you understand

20   that?

21               THE DEFENDANT:  Yes, sir.

22               THE COURT:  At that trial and at every stage of your

23   case, you would be entitled to be represented by an attorney.

24   If you could not afford one, one would be appointed to

25   represent you free of charge.  Do you understand that?

G34SWILP

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  During a trial, the witness for the

3    government would have to come to court and testify in your

4    presence and your lawyer could cross-examine the witness for

5    the government, object to evidence offered by the government,

6    and if you desired, issue subpoenas, offer evidence, and compel

7    witnesses to testify in your behalf.  Do you understand that?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  At a trial, although you would have the

10   right to testify if you chose to, you would also have the right

11   not to testify and no inference or suggestion of guilt could be

12   drawn from the fact that you did not testify, if that was what

13   you chose to do.  Do you understand that?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  At trial, the government would have to

16   prove each and every part or element of a charge beyond a

17   reasonable doubt for you to be convicted of that charge.  Do

18   you understand that?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Do you understand that if you were

21   convicted at a trial, you would have the right to appeal that

22   verdict?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Everyone at this time, right now, even as

25   you are in the process of entering this guilty plea, you have

G34SWILP

the right to change your mind, plead not guilty, and go to

trial.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you plead guilty and Judge Koeltl and I

accept your plea, you will give up your right to a trial and

the other rights that I have just described.  There will be no

trial and Judge Koeltl will enter a judgment of guilty and

sentence you on the basis of your guilty plea, after

considering the submissions relating to sentencing that he

receives from you, your lawyer, and the government, as well as

a presentence report prepared by the probation department.  Do

you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you plead guilty, you will also have to

give up your right not to incriminate yourself, because today I

will ask you questions about what you did in order to satisfy

myself that you are, in fact, guilty as charged.  Do you

understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, the document which contains the

charge to which you have indicated you wish to plead guilty is

called an information.  It has been issued by the United States

Attorney.  This is a serious crime.  You have a constitutional

right to require the government to present evidence to a grand

jury, which may or may not vote to charge you with this crime.

G34SWILP

1   Do you understand what a grand jury is?

2                THE DEFENDANT:  Yes, sir.

3                THE COURT:  If the grand jury did vote to charge you

4   with this crime, the charge would be contained in a document

5   called an indictment rather than an information.  An indictment

6   would be signed by the United States Attorney and the grand

7   jury foreperson.  Do you understand that?

8                THE DEFENDANT:  Yes, sir.

9                THE COURT:  Do you wish to give up your right to be

10  charged by a grand jury?

11               THE DEFENDANT:  Yes, sir.

12               THE COURT:  Counsel have handed up a signed waiver of

13  indictment form.

14               Ms. Lewis, is this your signature on the form?

15               THE DEFENDANT:  It is, your Honor, yes.

16               THE COURT:  Mr. Williams, is this your signature on

17  the form?

18               THE DEFENDANT:  Yes, sir.

19               THE COURT:  My deputy, Mr. Smallman, has signed the

20  document as well as a witness.  When you signed this form,

21  Mr. Williams, did you understand that you were acknowledging

22  your willingness to give up your right to be indicted by a

23  grand jury?

24               THE DEFENDANT:  Yes, sir.

25               THE COURT:  I find a voluntary and knowing right

G34SWILP

1    waiver by Mr. Williams of the right to be indicted by a grand

2    jury.

3              Mr. Williams, have you received a copy of the

4    information containing the charge against you?

5              THE DEFENDANT:  Yes, sir, I did.

6              THE COURT:  Have you read it?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Have you had an opportunity to discuss it

9    and have you discussed it with your attorneys?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Do you understand that you're charged in

12   Count One with conspiracy to commit mail and wire fraud?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Do you understand that the maximum

15   possibility penalty for this crime is 20 years' imprisonment?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  The maximum fine for this crime may reach

18   the greatest of $250,000, twice the gross pecuniary gain

19   derived from the offense, or twice the gross pecuniary loss to

20   persons other than you.  Do you understand that?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  For pleading guilty to this crime, you may

23   receive a term of up to three years' supervised release.  Do

24   you understand that?

25             THE DEFENDANT:  Yes, sir.

G34SWILP

1          THE COURT:  Supervised release means you would be

2    subject to monitoring when you are released from prison.  There

3    are terms of supervised release with which a person must

4    comply.  If you don't comply with them, you can be returned to

5    prison without a jury trial for all or part of the term of

6    supervised release imposed by the court.

7          Under those circumstances, you would not be given any

8    credit towards that term for the time you had served in prison

9    as a result of your sentence for this crime, nor would you

10   necessarily be given any credit towards that term for any time

11   you had already spent on post-release supervision.  Do you

12   understand that?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  For pleading guilty to this crime, you'll

15   be required to pay a mandatory $100 special assessment.  Do you

16   understand that?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  For pleading guilty to this crime, you may

19   be required to pay restitution to any person injured as a

20   result of your criminal conduct.  Do you understand that?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  For pleading guilty to this crime, you may

23   be compelled to forfeit any and all property constituting and

24   derived from proceeds obtained by your criminal conduct.  Do

25   you understand that?

G34SWILP

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  As I understand it, you are agreeing as

3    well to the forfeiture allegation in Count One of the

4    information, is that correct?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you also understand that if I accept

7    your guilty plea and adjudge you guilty, that may deprive you

8    of valuable civil rights, such as the right to vote, the right

9    to hold public office, the right to serve on a jury, and the

10   right to possess any kind of firearm?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Are you a United States citizen?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Now, under current law, there are

15   sentencing guidelines as well as other factors set forth in the

16   sentencing statutes that judges must consider in determining a

17   sentence.  Do you understand that?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Have you spoken with your attorneys about

20   the sentencing guidelines and those other factors?

21         THE DEFENDANT:  Yes, sir, I have.

22         THE COURT:  Do you understand that the court will not

23   be able to determine the guideline range -- and when I say the

24   court, I mean Judge Koeltl -- that will form a part of the

25   court's determination of what a reasonable sentence will be in

G34SWILP

1    your case until after a presentence report has been prepared

2    and until after you and your attorney and the government have

3    had the chance to challenge any of the factors reported by the

4    probation officer?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Do you understand that even though the

7    parties have stipulated in the plea agreement to how the

8    sentencing guidelines apply to the facts of your case and your

9    criminal history as it presently stands, that range of 37 to

10   46 months is not binding on the probation department and is not

11   binding on the court?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Do you also understand that under the plea

14   agreement, the parties have agreed that your criminal history

15   category may have occasion to increase depending on the

16   disposition of a pending state court charge and what its status

17   is prior to your sentencing.  Do you understand that?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Do you understand that even after the

20   court has determined what guideline range applies to your case,

21   the court will have the discretion under the current law to

22   impose a sentence that is higher or lower than the one

23   suggested by the sentencing guidelines?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Do you understand that if your attorney or

G34SWILP

anyone else has attempted to predict what your sentence will

be, their prediction could be wrong; no one, not your attorney,

not the government's attorney, no one can give you any

assurance of what your sentence will be, because the sentencing

judge, Judge Koeltl, is going to decide your sentence.

He obviously isn't here and he can't do that now.

Even if he was here, he wouldn't be able to do that now.

Instead, as is customarily the case, he is going to wait until

he receives the presentence report prepared by the probation

department, he is going to do his own independent calculation

of how the sentencing guidelines apply, he is going to

thoughtfully look at the materials both parties submit in

connection with sentencing, including also the probation

department's presentence report.

Most of all, he is going to determine what a

reasonable sentence is for you based on all of the sentencing

factors contained in the sentencing statute, which is known as

Section 3553(a).

Do you understand all that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you discussed these issues and

sentencing process with your attorneys?

THE DEFENDANT:  Yes, sir, I have.

THE COURT:  Even if your sentence is different from

what your attorneys or anyone else has told you it might be,

G34SWILP

1  even if it is different from what you expect, even if it is

2  different from the range that is calculated in the plea

3  agreement, you would still be bound by your guilty plea and you

4  would not be allowed to withdraw your plea of guilty.  Do you

5  understand that?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Has anyone threatened you or anyone forced

8  you in any way to plead guilty?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  Has there been, Mr. Williams, a plea

11  agreement entered into between you and your counsel and counsel

12  for the government?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  I am going to mark the plea agreement as

15  Government Exhibit 1.  Let me direct you in the back page to

16  the signatures that appear.

17          I see here a signature from a government attorney.  Is

18  that your signature, Mr. Beaty, or Mr. Richenthal?

19          MR. BEATY:  It is Mr. Richenthal's signature.

20          THE COURT:  I see here as well the signature of Arlo

21  Devlin-Brown, the chief of the public corruption unit.  Is that

22  Mr. Devlin-Brown's signature?

23          MR. BEATY:  It is, your Honor.

24          THE COURT:  Ms. Lewis, I see here your signature for

25  Mr. Dreidel.  Is that your signature?

G34SWILP

1          THE DEFENDANT:  Yes, it is.

2          THE COURT:  It says here March 2016, but there is no

3    date.  Did you sign that today?

4          MS. LEWIS:  I'm sorry.  Yes, I did.

5          THE COURT:  Can I add in March 4 then?

6          MS. LEWIS:  Yes, please, your Honor.

7          THE COURT:  Mr. Williams, see here your signature also

8    dated March 2016.  Is that your signature?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Did you sign it today?

11          THE DEFENDANT:  Yes, sir, I did.

12          THE COURT:  I am going to write in March 4 on the plea

13    agreement.

14          MS. LEWIS:  Thank you.

15          THE COURT:  Mr. Williams, did you read this plea

16    agreement before you signed it?

17          THE DEFENDANT:  Yes, sir, I have.  Yes, sir.

18          THE COURT:  Did you discuss it with your attorneys

19    before you signed it?

20          THE DEFENDANT:  Yes, I have.

21          THE COURT:  Did you believe you understood the

22    agreement when you signed it?

23          THE DEFENDANT:  Yes, sir, I have.

24          THE COURT:  Did you willingly sign this agreement?

25          THE DEFENDANT:  Yes, sir.

G34SWILP

1          THE COURT:  Did anyone force you to sign it?

2          THE DEFENDANT:  No, sir.

3          THE COURT:  Do you have any agreement with the

4    government about your plea or your sentence that has been left

5    out of this written agreement?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  Mr. Beaty, would you please very briefly

8    summarize the criminal terms of the plea agreement?

9          MR. BEATY:  Yes, your Honor.

10          The first several paragraphs describe the charges to

11    which the defendant is agreeing to plead guilty, specifically

12    conspiracy to commit mail fraud and wire fraud.  The defendant

13    agrees to pay forfeiture and restitution as ordered by the

14    court.  The next section on page two calculates the applicable

15    guidelines range for this crime based on a loss amount of

16    between 250 and $550,000 and based on an enhancement for the

17    defendant serving as a manager or supervisor of the criminal

18    activity.  Based on that, the parties agree that the applicable

19    guidelines offense level is 19.

20          On the third page, the plea agreement calculates the

21    defendant's criminal history category to include five criminal

22    history category criminal history points and thus criminal

23    history category III.  Based on that criminal history category

24    and the guidelines offense level, the parties agree that the

25    stipulated guidelines range is 37 to 46 months' imprisonment

G34SWILP

and an applicable fine range of 10,000 to $100,000.  The
parties agree that either party may seek a sentence that is
higher or lower than the stipulated guidelines range based on
the factors in Section 3553(a).

On page five, the defendant agrees not to file any
sort of direct appeal or collateral attack on his conviction
based on any sentence that is within or below the stipulated
guidelines range of 37 to 46 months.  He also agrees not to
appeal any order of forfeiture or restitution that is less than
or equal to $437,325.

Those, I believe, your Honor, are the terms of the
plea agreement.

THE COURT:  Defense counsel, do you agree with the
summary that Mr. Beaty just gave of those terms?

MS. LEWIS:  Yes, I do, your Honor.

THE COURT:  Mr. Williams, did you hear and understand
Mr. Beaty as he summarized those terms?

THE DEFENDANT:  Yes, sir, I do.

THE COURT:  Let me just highlight a couple of things.
One is that the parties have stipulated here that the
guidelines, based on presently known facts, is to a term of
imprisonment of between 37 and 46 months' imprisonment.  I just
want to make sure that you understand that that stipulation,
although it binds the parties based on present facts, does not
bind Judge Koeltl and it doesn't bind the probation department

G34SWILP

1    because they have got to independently calculate for themselves

2    how the guidelines apply to your case.  Do you understand that?

3              THE DEFENDANT:  Yes, sir, I do.

4              THE COURT:  The plea agreement also provides that you

5    are giving up your right to appeal or otherwise challenge your

6    sentence so long as you're not sentenced to more than 46 months

7    in prison.  Do you understand that?

8              THE DEFENDANT:  Yes, sir, I do.

9              THE COURT:  Has anyone made any promise or done

10   anything other than what is contained in the plea agreement to

11   induce you to plead guilty?

12             THE DEFENDANT:  No, sir.

13             THE COURT:  Has anyone made a promise to you as to

14   what your sentence will be?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  Would you please at this point tell me in

17   your own words what you did that makes you believe that you're

18   guilty of the charge in the information, again, conspiracy to

19   commit mail and wire fraud?

20             THE DEFENDANT:  In furtherance of the conspiracy

21   charged in Count One --

22             THE COURT:  Speak a little more loudly.

23             THE DEFENDANT:  In furtherance of the conspiracy

24   charged in Count One, I agreed with others to check balances on

25   electronic benefit transfer cards --

G34SWILP

1        THE COURT:  Sir, I am doing to ask you to slow down.

2   You are talking very fast.

3        MS. LEWIS:  Would it help if he stood?

4        THE COURT:  That's fine if he stands.

5        THE DEFENDANT:  In furtherance of the conspiracy

6   charged in Count One, I agreed with others to check balances on

7   electronic benefit transfer cards in other people's name in

8   which I knew were used to obtain money fraudulently.  Also, in

9   furtherance of the conspiracy charged in Count One, I agreed

10  with others to receive through the mail fraudulent rental

11  assistance checks that were cashed in the Southern District of

12  New York.

13       THE COURT:  When you did these acts, did you know that

14  what you were doing was wrong?

15       THE DEFENDANT:  Yes.

16       THE COURT:  Did you know that you were committing a

17  crime?

18       THE DEFENDANT:  Yes.

19       THE COURT:  Ms. Lewis, help me.  I was having a tiny

20  bit of difficulty understanding a few of the words your client

21  used.  Explain to me what he has said that supports conspiracy

22  to the mail fraud part of the charge.

23       MS. LEWIS:  With regard to the mail fraud, your Honor,

24  in furtherance of that conspiracy, he agreed with others and

25  cashed -- I'm sorry -- received through the mail fraudulent

G34SWILP

1  rental assistance checks that were ultimately cashed in the

2  Southern District of New York.

3          THE COURT:  Is that correct, sir, Mr. Williams?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Now articulate for me, I just want to make

6  sure that the elements of the conspiracy to commit wire fraud

7  are covered.

8          MS. LEWIS:  Yes, your Honor.

9          With regard to the wire fraud conspiracy charged in

10  Count One, he agreed with others to check the balances on

11  electronic benefit transfer cards that were in other people's

12  names in which he knew were used to obtain money in a

13  fraudulent manner?

14          THE COURT:  Under the wire fraud statutes, those need

15  to be interstate, correct?

16          MS. LEWIS:  Yes, and that's as well.

17          THE COURT:  I'm sorry.  What is it then, Ms. Lewis,

18  that was interstate about the wire transfers here, the wire

19  communications here?

20          I want to hear from the defense.

21          MS. LEWIS:  Just one moment, your Honor.

22          THE COURT:  Mr. Beaty, do you want to take a moment

23  and communicate with defense counsel?  I want to make sure we

24  have a clear articulation of the jurisdictional element.

25          MR. BEATY:  Yes, your Honor.

G34SWILP

1          (Pause)

2          MS. LEWIS:  Your Honor, I believe the government will

3     proffer to the interstate nature.

4          THE COURT:  Mr. Beaty, can you help us out?

5          MR. BEATY:  Yes, your Honor.

6          I can proffer for the court that the funds used to

7     fund the electronic benefit transfer cards were the source that

8     was an interstate wire from Baltimore, Maryland.

9          THE COURT:  Ms. Lewis, do you agree that?

10         MS. LEWIS:  Yes, your Honor.

11         THE COURT:  Mr. Williams, do you agree with that as

12    well?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Mr. Beaty, does the government counsel

15    agree that, with the followup we have had, there is a

16    sufficient factual predicate for a guilty plea?

17         MR. BEATY:  Yes, your Honor.

18         THE COURT:  Ms. Lewis, do you agree there is a

19    sufficient factual predicate for a guilty plea?

20         MS. LEWIS:  Yes, I do, your Honor.

21         THE COURT:  Do you understand Ms. Lewis of any valid

22    defense that would prevail at trial or any reason why your

23    client should not be permitted to plead guilty?

24         MS. LEWIS:  No, your Honor.

25         THE COURT:  Mr. Williams, are you pleading guilty

G34SWILP

1    voluntarily and of your own free will because you are, in fact,

2    guilty?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Can government counsel represent that, had

5    the case gone to trial, it had sufficient evidence of each

6    element to establish a conviction?

7            MR. BEATY:  Yes.

8            THE COURT:  Mr. Williams, because you acknowledge that

9    you are, in fact, guilty as charged in the information, because

10   I am satisfied that you know of your rights, including your

11   right to go to trial, because I am satisfied that you're aware

12   of the consequences of your plea, including the sentence which

13   may be imposed, and because I find that you're voluntarily

14   pleading guilty, I accept your guilty plea and enter a judgment

15   of guilty on the one count to which you have pled guilty.

16           Now, the probation department is going to want to

17   interview you in connection with the presentence report that it

18   will prepare.  If you choose to speak with the probation

19   department, please make sure that anything you say to them is

20   truthful and accurate.  Judges in this district read those

21   reports carefully.  It is important to them in deciding what

22   sentence to impose.  I know it will be important to Judge

23   Koeltl.

24           You and your counsel have a right to examine the

25   report and to comment on it at the time of sentencing.  I urge

G34SWILP

1    you to read it and to discuss with your attorneys before

2    sentencing.  If there are any mistakes in it, please point them

3    out to your counsel so that they can bring it to your attention

4    before sentence.

5              Will you agree to do that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  All right.  One moment.

8              (Pause)

9              THE COURT:  Ms. Lewis, is this a case in which your

10   client is seeking an expedited sentence?

11             MS. LEWIS:  Yes, your Honor.  In the sense that within

12   the normal scope, we would like to move things as quickly as

13   possible.

14             THE COURT:  Let me be clear what I meant.

15             Ordinarily, as you know, Ms. Lewis, sentencing takes

16   place in or around three and a half months from the date of

17   sentencing.  I take it that is what you're seeking.

18             There is a separate opportunity that your client has

19   under the rules to dispense with the draft presentence report

20   and achieve sentencing in a six-to-seven-week time frame, but

21   that would entail a waiver I would need to question him on his

22   right to get a draft presentence report.

23             MS. LEWIS:  Your Honor, we do desire to have a draft

24   presentence report just to set the schedule.

25             THE COURT:  To be clear, your client isn't seeking an

G34SWILP

1  expedited sentence, you want to make sure that the sentence is

2  no later than necessary for a properly noticed sentence with a

3  draft presentence report?

4          MS. LEWIS:  Yes.  I misspoke with regard to the nature

5  of it specifically.

6          THE COURT:  Of course.

7          I am going to set down a sentencing date which is

8  consistent with that.  To be clear, my chambers did not receive

9  from Judge Koeltl his availability.  I am setting down a date

10  in the hope that it works for Judge Koeltl.  I am going to ask

11  counsel together to reach out to Judge Koeltl's chambers

12  promptly because it may be that he chooses to move the

13  sentencing date in one direction or another a little bit just

14  to accommodate his schedule.

15          MR. BEATY:  We will, your Honor.

16          THE COURT:  For the time being, I am going to set

17  sentencing down for June 20 at 9:30 a.m. before Judge Koeltl.

18          Defense counsel must arrange for the defendant to be

19  interviewed by the probation department within the next two

20  weeks.  The government should also provide its case summary to

21  the probation department within the next two weeks.  Ordinarily

22  I provide that the defense sentencing submission should be due

23  two weeks before sentencing and the government's sentencing

24  submission should be due one week before.  I don't know whether

25  Judge Koeltl has any different parameters as to that, but I am

G34SWILP

1    going to ask counsel to take that up with his chambers as well

2    so that he can direct you.  Until you hear otherwise, you

3    should operate on the assumption that those guide posts are in

4    place.

5             MR. BEATY:  Yes, your Honor.

6             MS. LEWIS:  Yes.

7             THE COURT:  What is the defendant's current bail

8    status, Mr. Beaty?

9             MR. BEATY:  The defendant is currently detained and

10   the government has no motion on that front.

11            THE COURT:  Very good.

12            Defense, I take it that is not something that is being

13   challenged today?

14            MS. LEWIS:  No, your Honor.

15            THE COURT:  Very good.

16            Anything further from the government?

17            MR. BEATY:  No.

18            THE COURT:  Anything further from the defense?

19            MS. LEWIS:  No, your Honor.

20            THE COURT:  Wish you all a good day and a good

21   weekend.

22            Mr. Beaty, I'm handing back the signed plea agreement

23   and the signed waiver terms.

24            Thank you.

25            (Adjourned)